U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

JUL 3 0 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GOLDMAN SACHS BANK USA | CIVIL ACTION NO. 15-2018 |
| VERSUS | JUDGE DOHERTY |
| MICHEL B MORENO, ET AL. | MAGISTRATE JUDGE HILL |

### RULING

Plaintiff Goldman Sachs Bank USA has filed with this Court a "Verified Complaint to Foreclose by Executory Process, With Benefit of Appraisal." [Doc. 1] By its complaint, plaintiff asks this Court to issue writs of seizure and sale of certain properties owned by defendants, utilizing the rules of executory process set forth in the Louisiana Code of Civil Procedure. Jurisdiction is based upon diversity of citizenship. For the following reasons, the writs WILL NOT ISSUE at this time.

Plaintiff is the holder of a promissory note executed by defendants, Michel B. Moreno, Tiffany C. Moreno, MBM 2011 DOH Grantor Retained Annuity Trust, TCM 2011 DOH Grantor Retained Annuity Trust, MBM 2011 MGH Grantor Retained Annuity Trust, TCM 2011 MGH Grantor Retained Annuity Trust, and Moreno Properties Two, L.L.C. (collectively "borrowers"). The note was executed in connection with a loan made by plaintiff to defendants in the amount of $52,370,000.00. [Id. at ¶¶ 7-8] According to plaintiff, defendants have defaulted on the note. [Id. at ¶ 12] As set forth in the complaint, the loan is secured by a first mortgage and a UCC-1 Financing

Statement on "the Nicholson Estates Property"[1], and a first, second, and third mortgage, and UCC-1 and UCC-3 Financing Statements on "the Port Road Property."[2] [Id. at ¶¶ 16, 20, 22, 28, 27, 32] Plaintiff asserts all of the mortgages contain confessions of judgment. [Doc. 1, ¶ 37]

By its complaint, plaintiff primarily seeks the following relief: (1) "an Order for Executory Process, wherein a Writ of Seizure and Sale is issued and, thereafter, the U.S. Marshall [sic] of the Western District of Louisiana seizes and sells, at public auction, with benefit of appraisement, to the highest bidder for cash, the Port Road Property in order to pay and satisfy the Indebtedness"; and (2) "an Order for Executory Process, wherein a Writ of Seizure and Sale be issued and, thereafter pursuant to the appropriate order and/or instruction, the U.S. Marshall [sic] of the Middle District of Louisiana seizes and sells, at public auction, with benefit of appraisement, to the highest bidder for cash, the Nicholson Estates Property in order to pay and satisfy the Indebtedness."[3] [Doc. 1, pp. 14, 15-16]

The Louisiana Code of Civil Procedure authorizes "executory proceedings," whereby creditors can obtain judgments of foreclosure on mortgages that contain "confession of judgment" clauses.[4] La. Code Civ. P. art. 2631; *Alphonse v. Arch Bay Holdings, L.L.C.*, 548 Fed.Appx. 979,

---

[1]The Nicholson Estates Property is immovable property located in East Baton Rouge Parish, Louisiana.

[2]The Port Road Property is immovable property located in Iberia Parish, Louisiana.

[3]Plaintiff additionally seeks other ancillary relief, such as the reservation of its right to appoint Keepers for the Port Road Property and Nicholson Estates Property, the reservation of its right to collect a deficiency judgment, attorney fees, etc. [Doc. 1, pp. 14-17]

[4]Executory proceedings are a civilian concept, which have "been utilized for centuries in the various continental jurisdictions, and in those portions of the Western Hemisphere which inherited their procedural law in whole or in part from Spain." *Ross v. Brown Title Corp.*, 356 F.Supp. 595, 597 (D.C.La., 1973) (quoting McMahon, "The Historical Development of Executory Procedure in Louisiana," 32 Tul.L.Rev. 555, 556 (1958)), *aff'd*, 412 U.S. 934 (1973).

980 (5th Cir. 2013). Pursuant to Louisiana law, "Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment. . . ."[5] La. Code Civ. P. art. 2631. Executory proceedings are *ex parte* proceedings, "effectively waiv[ing] the right to a routine adversary hearing." *Id.*; *Buckner v. Carmack*, 272 So.2d 326, 330 (La. 1973); *Small Engine Shop, Inc. v. Cascio*, 878 F.2d 883, 885 (5th Cir. 1989). "Executory process, entitling a creditor to seize the debtor's property without citation or the usual delays or formal judgment, is regarded as a harsh remedy, requiring for its use a strict compliance by the creditor with the letter of the law." *Aetna Life Ins. Co. v. Lama Trusts*, 674 So.2d 1086, 1089 (La. 2nd Cir. 1996) (citing *Reed v. Meaux*, 292 So.2d 557 (La. 1973)). To enforce a mortgage on property under Louisiana's executory procedure, the mortgagee files a petition "praying for the seizure and sale of the property affected by the mortgage." La. Code Civ. P. art. 2634. If the reviewing court is satisfied that the executory petitioner is entitled to relief, "the court shall order the issuance of a writ of seizure and sale commanding the sheriff to seize and sell the property. . . ." *Id.* at art. 2638. It is this instrument of the Louisiana Code of Civil Procedure by which plaintiff seeks relief in this Court. [Doc. 1, pp. 15-17]

Several decisions from the United States District Court for the Eastern District of Louisiana have held that a federal court may not entertain a Louisiana executory proceeding. *See e.g. Thermo Credit L.L.C. v. Centric Voice, Inc.*, 2008 WL 4691839 (E.D.La.); *F.D.I.C. v. Saxena*, 1994 WL 202364 (E.D.La.); *BancBoston Mortg. Corp. v. Wilson*, 1988 WL 76229 (E.D.La.); and *Gillson v.*

---

[5]"An act evidencing a mortgage or privilege imports a confession of judgment when the obligor therein acknowledges the obligation secured thereby, whether then existing or to arise thereafter, and confesses judgment thereon if the obligation is not paid at maturity." La. Code Civ. P. 2632.

*Vendome Petroleum Corp.*, 35 F.Supp. 815, 819 (D.C.La. 1940). The reasoning of those decisions is that "[a] federal court cannot issue a writ of seizure and sale in an executory proceeding, because under Louisiana law an executory proceeding is not commenced and prosecuted pursuant to the Federal Rules of Civil Procedure." *BancBoston* at *1; *Saxena* at *1. *Thermo Credit* and *Gillson* additionally find that Louisiana's executory process is procedural in nature, as opposed to a substantive right. *Thermo Credit* at *3; *Gillson* at 819.

Federal Rule of Civil Procedure 3 provides, "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Rule 4 requires a plaintiff to serve defendant with a summons and a copy of the complaint, or risk dismissal of the action. Fed. R. Civ. P. 4(c), (m). Rule 12(a) allows defendant a minimum of twenty days to file a responsive pleading. Fed. R. Civ. P. 12(a). By contrast:

> An executory proceeding is used to effect the seizure and sale of property "without previous citation and judgment." La. C.C.P. arts. 2631, 2640. No answer by a defendant is permitted; a defense can only be urged by injunctive proceedings or appeal from an order of seizure and sale. La. C.C.P. art. 2642.

*BancBoston* at *1; *Saxena* at *1.

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81." Fed. R. Civ. P. 1. Rule 81 does not provide an exception for Louisiana executory proceedings. Fed. R. Civ. P. 81; *Thermo Credit* at *2, n. 1. While Rule 64 does allow for the *seizure* of property "under the law of the state where the court is located," the *seizure* is allowed "to secure satisfaction of the *potential judgment*." Fed. R. Civ. P. 64(a)(emphasis added). Rule 64 contains no indication that it additionally allows an *ex parte sale* of the seized property, pursuant to a confession of judgment. Rather, by use of the term

"potential judgment," it could be argued Rule 64 applies in the context of ordinary proceedings, rather than executory proceedings.

In light of the foregoing, the writs requested by plaintiff will not issue at this time. If plaintiff wishes to maintain this action as an executory proceeding, rather than an ordinary proceeding, it must first demonstrate such relief is available in this Court.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 30th day of July, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE