RECEIVED

SEP 1 5 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GOLDMAN SACHS BANK USA | CIVIL ACTION NO. 15-2018 |
| VERSUS | JUDGE DOHERTY |
| MICHEL B MORENO, ET AL. | MAGISTRATE JUDGE HILL |

**RULING**

Currently pending before the Court is plaintiff Goldman Sachs Bank USA's ("Goldman Sachs") "Motion to Maintain Executory Proceeding, To Reconsider the Court's Ruling, and For Writ of Seizure and Sale." [Doc. 9] Pursuant to its motion, plaintiff moves this Court "to reconsider its [prior] ruling and maintain this matter as an executory proceeding" pursuant to Louisiana law, and based upon the foregoing, issue writs of seizure and sale for certain properties owned by defendants.[1] For the following reasons, plaintiff's motion is GRANTED.

On July 8, 2015, plaintiff filed with this Court a "Verified Complaint to Foreclose By Executory Process, With Benefit of Appraisal." [Doc. 1] Pursuant to its Complaint (as well as the pending motion for reconsideration), plaintiff seeks "an Order for Executory Process," issuing writs

---

[1]Plaintiff names the following defendants in its Complaint: Michel B. Moreno, Tiffany C. Moreno, MBM 2011 DOH Grantor Retained Annuity Trust, TCM 2011 DOH Grantor Retained Annuity Trust, MBM 2011 MGH Grantor Retained Annuity Trust, TCM 2011 MGH Grantor Retained Annuity Trust, Moreno Properties Two, L.L.C., and Nicholson Estates, L.L.C. [Doc. 1, pp. 2-3] Although it appears defendants have neither been served with process nor waived service, they have nevertheless filed an Answer to the Complaint, as well as a memorandum in opposition to the motion at issue in this Ruling. [Doc. Nos. 4, 19]

of seizure and sale of certain properties owned by defendants.[2] [Doc. 1, pp. 14] On July 30, 2015,

this Court issued a Ruling denying the issuance of writs at that time, but qualifying, "If plaintiff

wishes to maintain this action as an executory proceeding, rather than an ordinary proceeding, it must

first demonstrate such relief is available in this Court." [Doc. 7, p.5] The Court finds plaintiff has

now demonstrated the relief which it seeks is available from this Court.

Plaintiff cites this Court to the decision of *Weems v. McCloud*, 619 F.2d 1081 (5th Cir. 1980).

In *Weems*, a bankruptcy trustee and the FDIC conducted nonjudicial foreclosure sales of two tracts

of land in Georgia state court, pursuant to a power of sale contained in each security deed.[3] *Id.* at

1084. Thereafter, the trustee and the FDIC sought confirmation of the sale in federal district court.[4]

*Id.* On appeal, the debtors argued the district court lacked subject-matter jurisdiction, contending a

---

[2]As set forth in this Court's prior Ruling:

> Plaintiff is the holder of a promissory note executed by defendants. . . . The note
> was executed in connection with a loan made by plaintiff to defendants in the amount of
> $52,370,000.00. According to plaintiff, defendants have defaulted on the note. As set
> forth in the complaint, the loan is secured by a first mortgage and a UCC-1 Financing
> Statement on "the Nicholson Estates Property," and a first, second, and third mortgage,
> and UCC-1 and UCC-3 Financing Statements on "the Port Road Property." Plaintiff
> asserts all of the mortgages contain confessions of judgment.

[Doc. 7, pp. 6-7 (internal citations omitted)]

[3]The tracts of land served as collateral for a loan made to the debtors. *Weems* at 1084. After one
holder of the note became insolvent, and the other was adjudicated bankrupt, the FDIC and the trustee
took over the loan. *Weems* at 1084.

[4]Confirmation of a nonjudicial sale by a court is required under Georgia state law before the
creditor may sue the debtor for any deficiency judgment resulting from the sale. *Weems* at 1084-85.
Pursuant to Louisiana law, a deficiency judgment may only be obtained if the property was appraised
prior to the nonjudicial sale. La. Code Civ. P. 2771. Both the debtor and the seizing creditor are
permitted to name appraisers to value the property. La. R.S. 13:4363. If an appraisal has been conducted,
the creditor may obtain a deficiency judgment against the debtor by either converting the executory
proceeding into an ordinary proceeding, or by filing a separate suit. La. Code Civ. P. 2772. "In either
case, the defendant must be cited, and all of the delays and formalities required in ordinary proceedings
must be observed." *Id.*

Georgia confirmation proceeding is a summary proceeding with such peculiar characteristics that it does not constitute a "suit[] of a civil nature at common law or in equity" - a requirement for federal subject matter jurisdiction over matters where the FDIC is a party. *Id.* (quoting 12 U.S.C.A. § 1819) (alterations added).

In analyzing whether the district court had jurisdiction over the matter, the Fifth Circuit noted a Georgia confirmation proceeding is "summary in nature." *Id.* at 1085. "The mortgagee initiates a confirmation not by filing a complaint with the clerk of court, but rather by reporting the sale within 30 days directly to the appropriate judge." *Id.* There is no requirement that a debtor be provided notice of the confirmation hearing; however, a debtor may not be held liable in any subsequent deficiency action, unless he or she is provided with at least five days notice of the confirmation hearing. *Id.* The debtor is not required to file an answer to the mortgagee's report of sale, but he is permitted to raise objections thereto. *Id.* To maintain the summary nature of the proceeding, the Georgia statutes specify the issues the court may consider. *Id.* at 1086. A debtor may raise defenses relating to the true market value of the property sold, "or the specified issues of fairness in the technical procedures." *Id.* However, the debtor may not assert counterclaims, ask for any alleged excess resulting from the sale, raise the issue of the existence of a default, the amount of the debt, "or the existence of any side agreement which could have been the basis of an injunction preventing the foreclosure sale." *Id.* The burden of proof is on the mortgagee to present evidence as to the fair market value of the property, and the debtor may cross-examine witnesses and present his own evidence. *Id.* The judge hearing the confirmation must render a judgment with findings of fact. *Id.* The judgment may confirm or deny confirmation, or order a resale of the property. *Id.* at 1087. The judgment may be appealed, but cannot be collaterally attached. *Id.* at 1089. Based upon these

procedures, the Fifth Circuit held a Georgia confirmation proceeding is a "suit of a civil nature at common law or in equity," and therefore, jurisdiction existed in the federal courts. *Id.* at 1089-90.

A second argument made on appeal by the debtors in *Weems* was that the trial judge improperly struck their counterclaims on the basis that they exceeded the scope of a confirmation proceeding under Georgia law. *Id.* at 1093. The debtors argued Fed. R. Civ. P. 13 (compulsory counterclaims) mandated consideration of their counterclaims, relying in part on *Hanna v. Plumer*, 380 U.S. 460 (1965), which "dictates that Federal Rules of Civil Procedure are to be applied in all actions brought in federal courts." *Id.* at 1093-94. The Fifth Circuit first noted "that the Federal Rules of Civil Procedure are frequently applied less strictly in special statutory proceedings, where strict application of the rules would frustrate the statutory purpose." *Id.* at 1094 (citing *Trbovich v. United Mine Workers of America*, 404 U.S. 528 (1972)); *Usery v. District No. 22, United Mine Workers of America*, 567 F.2d 972 (10th Cir. 1978); *Brennan v. Silvergate District Lodge No. 50, Int. A. of M. & A. W.*, 503 F.2d 800 (9th Cir. 1974)). While the Fifth Circuit noted the cases it reviewed for the foregoing principle involved limitations on the application of the Federal Rules of Civil Procedure to causes of action created by federal law, it nevertheless found "the reasoning of those cases would apply with equal force to special statutory actions created by state law." *Id.* at 1095. As applied to the case before it, the Fifth Circuit reasoned "the purpose of the Georgia confirmation proceeding would be frustrated by the strict application of Rule 13, permitting a debtor to delay the proceeding with assertions of counterclaims." *Id.* An additional factor supporting adherence to Georgia's statutory proceedings was that to the extent federal courts changed the character of the "special state proceeding" by requiring strict application of the Federal Rules, "forum shopping would be invited." *Id.* at n. 33. "After a review of cases in which courts have refused to strictly apply the Federal Rules

of Civil Procedure to special statutory proceedings," the Fifth Circuit concluded "the trial court was

correct in holding counterclaims to be outside the scope of Georgia confirmation proceedings." *Id.*

at 1094.

      The Court then summarized:

> As we have noted above, the Georgia confirmation proceeding is summary
> and limited in nature. It is carefully and expressly designed to provide an immediate
> judicial evaluation of the fairness of nonjudicial sales. It is tailored to provide
> approval or disapproval of that limited issue, without the encumbrance of other
> disputes between the parties. To permit a debtor to assert counterclaims would
> convert the proceeding into a plenary trial between the parties, would eliminate its
> summary nature, and would deny the creditor his right to a quick approval of the sale.
> It would radically change the character and purpose of the special proceeding. It is
> for these reasons that we follow the reasoning of the cases cited above which refused
> to blindly follow the Federal Rules of Civil Procedure when to do so would frustrate
> the purpose, or destroy the summary nature, of a special, statutorily created cause of
> action.

*Id.* at 1096.

      The Fifth Circuit found *Hanna v. Plumer*, 380 U.S. 460 (1965) inapplicable to the facts of

the *Weems* case.[5] *Id.* at 1096. However, to the extent *Hanna* controlled, the Fifth Circuit

"acknowledge[d] a conviction that its proper application in this case would be consistent with our

decision refusing to permit the assertion of counterclaims." *Id.* at 1097, n. 38. In order to determine

whether a federal rule is to be used in a state-created proceeding, *Hanna* held the federal rule must

be tested against constitutional restrictions and the Rules Enabling Act, 28 U.S.C. § 2072, which

---

[5]The Fifth Circuit distinguished *Hanna* as follows: In *Hanna*, the Supreme Court held that the
Federal Rules of Civil Procedure, rather than state law, governed the means of service of process. *Id.* at
1097. The suit in *Hanna* "was an ordinary tort action which involved a conflict between two purely
procedural rules governing the manner of giving notice of the litigation"; whereas the *Weems* case
involved "a determination of whether the Federal Rules can be applied in a limited fashion in order to
conform to the necessities of a special proceeding, created by a statute which specifies the issues to be
litigated and the procedure to be followed." *Id.* at 1096-97.

provides in pertinent part, "The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts. . . . Such rules shall not abridge, enlarge or modify any substantive right." *Id.*, 28 U.S.C. § 2072. The Fifth Circuit then reasoned:

> The same factors which convinced us that application of Rule 13 would frustrate the purposes of a Georgia confirmation action also indicate that to permit counterclaims would modify the creditor's substantive rights. The Georgia confirmation statutes were designed to protect debtors from deficiency judgments which might result from unfair, nonjudicially supervised sales. The special proceeding is carefully limited to narrow issues relating to the purpose of the statutes, i.e., to insure that the bid price was true market value. The creditor's substantive rights include his right to a nonjudicial sale, subject only to the Georgia confirmation statutes which provide for immediate judicial evaluation of the limited matters relating to market value, and which provide for this judicial evaluation in a summary, i.e., quick, proceeding. An essential part of the creditor's substantive right to a nonjudicial sale is the speed with which the sale may be confirmed. Thus, strict application of Rule 13 in this situation might very well modify the creditor's substantive right. In such case, Hanna would not require that the Federal Rule be followed.
>
> Also pointing to the same conclusion is the fact that forum shopping would be encouraged by a contrary holding. Hanna makes clear that the effect on forum shopping is still relevant. If counterclaims were permitted in Georgia confirmation actions brought in federal court, then debtors would have a great incentive to remove such actions to federal court, and take advantage of the considerable delays which the federal litigation would afford. Finally, we note that our holding in this case is consistent with Hanna's dictum that a court "need not wholly blind itself to the degree to which the Rule makes the character and result of the federal litigation stray from the course it would follow in state courts . . . ." 380 U.S. at 473, 85 S.Ct. at 1145.

*Id.*

This Court has reviewed the briefing of all parties, and finds, for the reasons noted in *Weems*, this Court will adhere to Louisiana's system of executory process.[6]  The Louisiana Code of Civil

---

[6]The only argument of defendants this Court found to have merit is that the loan agreement and mortgage documents mandate binding arbitration and "waive all rights to a court trial or trial by jury with

Procedure authorizes "executory proceedings," whereby creditors can obtain judgments of foreclosure on mortgages that contain "confession of judgment" clauses. La. Code Civ. P. art. 2631; *Alphonse v. Arch Bay Holdings, L.L.C.*, 548 Fed.Appx. 979, 980 (5th Cir. 2013). Pursuant to Louisiana law, "Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment. . . ." La. Code Civ. P. art. 2631. Executory proceedings are *ex parte* proceedings, "effectively waiv[ing] the right to a routine adversary hearing." *Id.*; *Buckner v. Carmack*, 272 So.2d 326, 330 (La. 1973); *Small Engine Shop, Inc. v. Cascio*, 878 F.2d 883, 885 (5th Cir. 1989). To enforce a mortgage on property under Louisiana's executory procedure, the mortgagee files a petition "praying for the seizure and sale of the property affected by the mortgage." La. Code Civ. P. art. 2634. If the reviewing court is satisfied that the executory petitioner is entitled to relief, "the court shall order the issuance of a writ of seizure and sale commanding the sheriff to seize and sell the property. . . ." *Id.* at art. 2638. Thereafter, the sheriff (or U.S. Marshal) provides the debtor with notice of the seizure and sale, as well as notice of the creditor and debtor's right to appoint appraisers to value the property. La. R.S. 13:4363. The debtor may then assert any defenses or procedural objections through an injunction proceeding to arrest the seizure and sale, or an appeal from the order directing the issuance of the writ of seizure and sale, or both. La. Code Civ. P. art. 2642.

---

respect to any dispute, controversy or claim under this agreement. . . ." [Doc. 1-4, p. 17, § 8.9 (a) (emphasis omitted); *see also* Doc. 1-6, p. 37, § 7.16] However, the proper way to raise that defense is by motion. *See e.g.* 9 U.S.C.A. § 3; *see also Ellis Construction, Inc. v. Vieux Carre Resort Properties, L.L.C.*, 934 So.2d 206, 213 (La. App. 4th Cir. 2006).

Here, the Court has reviewed the evidence and is satisfied the executory petitioner is entitled to relief. Further, the Court finds to strictly apply the Federal Rules of Civil Procedure would frustrate the purpose of Louisiana executory proceedings, by permitting the debtor to convert a summary proceeding into a plenary trial between the parties. Application of the federal rules would modify the creditor's substantive right to a speedy sale of the encumbered property. Additionally, strict adherence to the federal rules would invite forum shopping, because it would provide debtors with a "great incentive to remove such actions to federal court, and take advantage of the considerable delays which the federal litigation would afford." *Weems* at 1097, n. 38.

In light of the foregoing, plaintiff's "Motion to Maintain Executory Proceeding, To Reconsider the Court's Ruling, and For Writ of Seizure and Sale" [Doc. 9] is GRANTED, and the writs requested by plaintiff will issue forthwith.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _15_ day of September, 2015.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

Page 8 of  8