UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA - LAFAYETTE DIVISION

| | |
|---|---|
| **GOLDMAN SACHS BANK USA,** | CIVIL CASE NO. 15-2018 |
| Plaintiff, | JUDGE REBECCA F. DOHERTY |
| v. | MAG. JUDGE CAROL B. WHITEHURST |
| **MICHEL B. MORENO, TIFFANY C. MORENO, MBM 2011 DOH GRANTOR RETAINED ANNUITY TRUST, TCM 2011 DOH GRANTOR RETAINED ANNUITY TRUST, MBM 2011 MGH GRANTOR RETAINED ANNUITY TRUST, TCM 2011 MGH GRANTOR RETAINED ANNUITY TRUST, MORENO PROPERTIES TWO, LLC, AND NICHOLSON ESTATES, L.L.C.,** | |
| Defendants. | |

### GOLDMAN SACHS BANK USA'S MEMORANDUM IN RESPONSE TO MOTION TO SUPPLEMENT THE RECORD OF THE CASE

**MAY IT PLEASE THE COURT:**

On April 25, 2016, two of the named defendants in this case, Moreno Properties Two, LLC ("**Moreno Properties Two**") and Nicholson Estates, LLC ("**Nicholson Estates**") (collectively the "**Defendants**"), filed a Motion to Supplement the Record of the Case ( the "**Supplemental Motion**" ) (Rec. Doc. 48). Goldman Sachs Bank USA ("**Goldman Sachs**"), respectfully requests that the Motion be denied because the information attached to the Supplemental Motion has no legal or factual impact on the sole issue pending before this Court: whether the Defendants are entitled to an order compelling arbitration of this executory proceeding.

{N3217073.1}

1

*Multiple Proceedings*

The loan transaction between Goldman Sachs and the Defendants involved in excess of $50 Million, was guaranteed by mortgages on multiple properties, and resulted from extensive negotiation as to the terms and limitations that applied. The Defendants have now defaulted and Goldman Sachs is doing its best to recoup as much of its loss as possible. To that end, Goldman Sachs has initiated three separate proceedings.

*The Louisiana Case*. The Court will recall that Goldman Sachs initiated this action as an executory proceeding by filing a Complaint on July 8, 2016.[1] After the Court was satisfied that it had both the jurisdiction and the authority to preside over this proceeding,[2] Moreno Properties Two, and Nicholson Estates – only two of the named defendants in this matter – filed a Motion to Compel Arbitration (the "**Arbitration Motion**"); Goldman Sachs opposes the motion.[3]

*The Texas Proceedings*. On April 21, 2016, Goldman Sachs filed two matters in Texas: (a) first, a demand for arbitration against Michel B. Moreno and Tiffany C. Moreno (the "**Morenos**"), with the American Arbitration Association (the "**Arbitration Action**"); and (b) second, an *Original Verified Petition and Application for Attachment, Injunctive Relief and/or Receiver ancillary to and in support of Arbitration* pending in the 44th Judicial District Court, Dallas County, Texas, bearing case number DC-16-04595 (the "**Dallas Lawsuit**"). The Arbitration Action was filed for the purpose of obtaining a personal judgment against the Morenos, for, among other things: (a) misusing at least $10,740,927 of loan proceeds to purchase an ultra-luxury home in Highland Park (the "**Highland Park Mansion**") despite their express

---

[1] Rec. Doc. No. 1.

[2] *See* Rec. Doc. No. 29.

[3] Rec. Doc. Nos. 32 and 40. At the same time, the Defendants moved for a stay of these proceedings. The Court issued a stay by Order dated September 21, 2015. Rec. Doc. No. 34.

{N3217073.1}

2

written representation and promise that they would not use the Goldman Sachs loan proceeds in this way, and (b) breaching their loan agreement with Goldman Sachs by failing to pay the amounts due and owing under the loan by the maturity date of July 11, 2014. Neither of these goals can be reached in this executory proceeding because neither the Highland Park Mansion, nor the Morenos' actions in Texas are, or could be, the subject of this *in rem* executory proceeding). Goldman Sachs filed the Dallas Lawsuit as an ancillary proceeding to the Arbitration Action to seek a writ of attachment and/or injunctive relief to preserve the status quo and ensure that the Morenos do not encumber, or dispose of, the Highland Park Mansion, improperly obtained with Goldman Sachs loan proceeds, until resolution of the Arbitration Action.

### *The Arbitration Action and Dallas Lawsuit Are Not Inconsistent with these Executory Proceedings*

The Defendants' Supplemental Motion appears to be directed at implying that Goldman Sachs' actions in Texas could somehow impact this action in some unspecified way. However, the Texas proceedings are not relevant to this Court's consideration of the Arbitration Motion. The Defendants' default on their significant loan obligations has given rise to multiple avenues of potential recoupment and Goldman Sachs has carefully and narrowly approached each proceeding in accordance with the applicable law and procedure, and so as to minimize any potential conflict between them. This jurisdictional separation rests on three aspects of the three proceedings: (a) the parties; (b) the procedural mechanisms; and (c) the contractual agreements.

*The Parties in Louisiana and Texas are Different*. First, as this Court is aware, the Motion to Compel Arbitration herein was brought by *only the two principal defendants herein*: Moreno Properties Two and Nicholson Estates (the owners of the two properties subject to this

proceeding).[4]  Neither of these entities is a subject of the Arbitration Action or the Dallas Lawsuit.  Notably, Goldman Sachs initiated the Arbitration Action and the Dallas Lawsuit against the Morenos, in their individual capacity, to obtain a personal judgment against them and to preserve the Morenos' Highland Park Mansion during the pendency of the Arbitration Action.

*The Procedural Contexts are Different.*  Second, the procedural context in which each proceeding arises is different.  The executory proceeding pending before this Court, an *in rem* proceeding, was initiated by Goldman Sachs solely for purpose of foreclosing on the Louisiana properties pursuant to, among other things, the confession of judgment contained in the Mortgage.  There is no fraud allegation involved in the Louisiana action.  Additionally, unlike this executory proceeding, the Arbitration Action is an ordinary proceeding in which Goldman Sachs seeks a personal judgment against the Morenos for, among other things, committing fraud in connection with the loan from Goldman Sachs and breaching their contract.  Similarly, the Dallas Lawsuit is merely an ordinary proceeding ancillary to the Arbitration Action, in which Goldman Sachs seeks to preserve the status quo and ensure that the Morenos do not encumber, or dispose of, the Highland Park Mansion.  Thus, the procedural contexts of (and the underlying legal theories invoked in) the Arbitration Action and the Dallas Lawsuit are wholly different than the *in rem* executory process before this Court.

*The Loan Documents Allow for All of the Rights of Recoupment that have been Invoked by Goldman Sachs.*  Third, the Loan Documents do not in any way limit Goldman Sachs to using only one proceeding (or type of proceeding) to attempt to recoup its losses as a result of the Defendants' default on their loan.  To the contrary, the Loan Documents clearly allow Goldman Sachs to use executory process *in rem* to seize properties mortgaged by the

---

[4] Rec. Doc. No. 32.

{N3217073.1}

4

Defendants, while also containing an arbitration provision that does not apply to executory proceedings. In other words, the susceptibility of one issue to arbitration, such as the potential fraud issues, does not dictate that every issue is arbitrable.

As discussed in Goldman Sachs's Opposition to the Arbitration Motion, the Loan Documents clearly create different enforcement mechanisms, and permit the use of *all* available remedies after an Event of Default.[5] Specifically, the Loan Documents provide Goldman Sachs with additional avenues that may be pursued *concurrently with* executory proceedings. Article 7.2 of the Loan Agreement provides, in relevant part, that "upon the occurrence and during the continuance of an Event of Default, the Lender (i) shall have, in addition to all other rights of the Lender, the rights and remedies of a secured party under the UCC, (ii) may proceed to protect and enforce the Lender's rights by suit in equity, action of law and/or other appropriate proceeding either for specific performance of any covenant or condition contained in this Agreement." Furthermore, Article 7.4 of the Loan Agreement further provides that any "single or partial exercise of any such right shall not preclude other or further exercise of any other right. ***All remedies contained in the Loan Documents, or afforded by law, shall be cumulative and all shall be available to the Lender until the Obligations have been indefeasibly paid in full in cash***."[6]

Likewise, the Mortgages, pursuant to which Goldman Sachs seeks executory process, specifically provide:

> If an Event of Default exists and is continuing under the Loan Agreement or Mortgagor breaches any provision herein, Mortgagee may, at Mortgagee's election, take such action

---

[5] Rec. Doc. No. 40, p. 8.

[6] Rec Doc. No. 40-2, (emphasis added).

{N3217073.1}

5

>permitted at law or in equity, without notice or demand (except as explicitly provided in the Loan Agreement), as it deems advisable to protect and enforce its rights against Mortgagor and to the Property, including but not limited to, any or all of the following rights, remedies and recourses each of which may be pursued concurrently or otherwise, at such time and in such order as Mortgagee may determine, in its sole discretion, without impairing or otherwise affecting the other rights and remedies of Mortgagee.

The Mortgages also include the following provision: "Mortgagee may cause the Property … to be immediately seized and sold, whether in term of court or in vacation, under ordinary or executory process, in accordance with applicable Louisiana law …,"[7] and acknowledge, in Article 3.3 of each document, that "these remedies shall be cumulative and concurrent and shall be in addition to every other remedy so provided or permitted."

The Loan Documents reflect the signatories' acknowledgment that executory process is not the only recoupment avenue available to Goldman Sachs.  Goldman Sachs has the right, pursuant to the explicit agreement of the parties, to pursue other remedies (in addition to executory proceedings), and has crafted the three proceedings very carefully in an effort to avoid undermining the jurisdiction and authority of this Court, of the Arbitration panel, and of the 44th Judicial District Court in Dallas County, Texas.  The Defendants' effort to imply otherwise should be rejected by this Court.  Goldman Sachs respectfully suggests that the Court deny the

---

[7] Rec. Doc. 40-3, 40-4, Exhibit B, State Specific Provisions.

Supplemental Motion, as the information contained therein is irrelevant to this executory proceeding.

                                    Respectfully submitted

                                    */s/ Laura F. Ashley*
R. PATRICK VANCE (#13008)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Ave., 49th Floor
New Orleans, LA   70131-5100
Telephone:  504-582-8000
Fax:  504-582-8583
pvance@joneswalker.com
lashley@joneswalker.com

                                    and

CARMEN M. RODRIGUEZ (#22573)
Jones Walker LLP
600 Jefferson St., Suite 1600
Lafayette, LA 70501
Telephone: 337-593-7600
Fax: 337-593-7601
carmenrodriguez@joneswalker.com

**Attorneys for Goldman Sachs Bank USA**

### CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2016, a copy of *Goldman Sachs Bank USA's Memorandum in Response to Motion to Supplement the Record of the Case* has been served upon Defendants, Moreno Properties Two, LLC and Nicholson Estates, LLC, through their attorney of record via the Court's CM/ECF by electronic (email) transmission to:

William E. Steffes, bsteffes@steffeslaw.com

                                      */s/ Laura F. Ashley*

{N3217073.1}

8