UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA - LAFAYETTE DIVISION

| | |
|---|---|
| **GOLDMAN SACHS BANK USA,** | CIVIL CASE NO. 15-2018 |
| **Plaintiff,** | JUDGE REBECCA F. DOHERTY |
| v. | MAG. JUDGE CAROL B. WHITEHURST |
| **MICHEL B. MORENO, TIFFANY C. MORENO, MBM 2011 DOH GRANTOR RETAINED ANNUITY TRUST, TCM 2011 DOH GRANTOR RETAINED ANNUITY TRUST, MBM 2011 MGH GRANTOR RETAINED ANNUITY TRUST, TCM 2011 MGH GRANTOR RETAINED ANNUITY TRUST, MORENO PROPERTIES TWO, LLC, AND NICHOLSON ESTATES, L.L.C.,** | |
| **Defendants.** | |

## *EX PARTE* MOTION TO APPOINT AN ATTORNEY TO ACCEPT SERVICE AND NOTIFY THE ABSENTEE DEFENDANTS

NOW INTO COURT, through undersigned counsel, comes Goldman Sachs Bank USA (the "**Lender**"), plaintiff herein, who respectfully files this *Ex Parte Motion to Appoint An Attorney to Accept Service and Notify the Absentee Defendants* (the "**Motion**"), as permitted under Louisiana Code of Civil Procedure articles 2674(1), 5091, 5251, 5095, and 5096, made applicable herein by rule 4(e) of the Federal Rules of Civil Procedure, and avers as follows[1]:

---

[1] As noted in Lender's *Brief Regarding Appointing An Attorney For the Morenos*, (Rec. Doc. 53), filed contemporaneously herewith, Lender believes that the appointment sought herein is not procedurally required now, if at all, in this *in rem* proceeding. Since such appointment serves only to better the administration of justice, solely at the expense of the Lender, the Lender seeks the relief set forth herein, without prejudice to any of its other positions in this case.

***First, Louisiana law permits for an attorney to be appointed to represent a nonresident of the State of Louisiana.***  This *in rem* executory proceeding was commenced when Lender filed its Verified Complaint for Executory Process with the Benefit of Appraisal (Rec. Doc. No. 1) (the "**Verified Complaint**") against the Defendants.[2]  Two of the named Defendants, Michel B. Moreno and Tiffany C. Moreno (the "**Morenos**"), are citizens of the state of Texas.

The Louisiana Code of Civil procedure article 2674 provides:

> The court shall appoint an attorney at law to represent the unrepresented defendant in an executory proceeding under the following circumstances:
>
> (1) When the defendant is an absentee…

The Louisiana Code of Civil Procedure article 5251 defines an absentee defendant as:

> A person who is either *a nonresident of this state*, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown. (emphasis added)

Here, the Morenos reside at 4425 Highland Drive, Dallas, Texas.  Thus, the Morenos are considered to be absentee defendants because they are nonresidents of the State of Louisiana.

***Second, an attorney can be appointed on ex parte written motion.***  The Louisiana Code of Civil Procedure article 5091, provides the manner of appointing an attorney at law and states, in relevant part, that the "court shall appoint an attorney at law to represent the defendant, on the

---

[2] Unless otherwise stated in this Memorandum, all capitalized terms have the same meaning ascribed to them in the Verified Complaint (Rec. Doc. No. 1).

2

petition or *ex parte written motion* of the plaintiff….," Accordingly, the Court can and should appoint an attorney for the Morenos during these proceedings based on this *ex parte* Motion.[3]

***Third, the duties of the attorney appointed for the Morenos is extremely limited.*** The appointed attorney's[4] "sole function in an executory proceeding is to receive service of all process and to notify the defendant of the pendency of the proceeding." La. Code Civil Proc. art. 5095 Cmt. B; *Mortg. v. Brown*, 631 So. 2d 521 (La. App. 4th Cir. 1994). In fact, The Louisiana Code of Civil Procedure article 5095 provides as follows:

> The attorney at law appointed by the court to represent a defendant shall use reasonable diligence to inquire of the defendant, and to determine from other available sources, what defense, if any, the defendant may have, and what evidence is available in support thereof.
>
> **Except in an executory proceeding**, the attorney may except to the petition, shall file an answer in time to prevent a default judgment from being rendered, may plead therein any affirmative defense available, may prosecute an appeal from an adverse judgment, and generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant.

---

[3] When an attorney is appointed under La. C. Civ. Proc. art. 2674(1) to represent an absentee defendant, all service in the executory proceeding is made upon the attorney pursuant to La. C. Civ. Proc. art. 2641, which provides: "In all cases governed by Article 2674, all demands, notices, and other documents required to be served upon the defendant in an executory proceeding shall be served upon the attorney at law appointed by the court to represent him, against whom the seizure and sale shall be prosecuted contradictorily."

[4] Importantly, La. C. Civ. Proc. art. 5092 explains the required qualifications for the appointed attorney and provides:

> When the court appoints an attorney at law to represent an unrepresented party, it shall appoint an attorney qualified to practice law in this state.
>
> The court shall not accept any suggestion as to the name of the attorney to be appointed, unless manifestly in the interest of the unrepresented party.

Applying this Louisiana provision here, the Court should appoint an attorney that is qualified to practice law in the State of Louisiana and who is not involved in this proceeding directly or indirectly.

3

La. C. Civ. proc. art. 5095.  Accordingly, the attorney appointed must strictly adhere to the sole duty of receiving all required notices and notifying the Morenos of same.[5]

**WHEREFORE**, Goldman Sachs Bank USA prays that its motion be granted and that the Court appoint an attorney for Michel B. Moreno and Tiffany C. Moreno to fulfill the limited duties set forth in  La. Code Civ. Proc. art. 5095.

Dated: May 12, 2016

          Respectfully submitted

          */s/ Laura F. Ashley*
R. PATRICK VANCE (#13008)
LAURA F. ASHLEY (#32820)
Jones Walker LLP
201 St. Charles Ave., 49th Floor
New Orleans, LA   70131-5100
Telephone:  504-582-8000
Fax:  504-582-8011
pvance@joneswalker.com
lashley@joneswalker.com

and

CARMEN M. RODRIGUEZ (#22573)
Jones Walker LLP
Suite 1600
600 Jefferson St
Lafayette, LA 70501
Telephone: 337-593-7600
Fax: 337-593-7601
carmenrodriguez@joneswalker.com

**Attorneys for Goldman Sachs Bank USA**

---

[5] Because the duties of an attorney appointed to represent a non-resident defendant are extensively limited, the compensation of the attorney is likewise limited.  The court in *Federal Nat. Mortg. v. Brown*,  631 So. 2d 521 (La. App. 4th  Cir. 1994), found that curator's fee of $1,200 was excessive to receive service of process and notify defendants of executory proceeding and, therefore, had to be reduced to $600 for six defendants;  highest fee that could be considered customary in executory proceeding was $400 for first two defendants and $50 for each additional defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2016, a copy of the foregoing filing has been served upon Defendants, Moreno Properties Two, LLC, and Nicholson Estates, LLC, through their attorney of record via the Court's CM/ECF by electronic (email) transmission to:

William E. Steffes, bsteffes@steffeslaw.com

*/s/ Laura F. Ashley*

{N3222601.1}                              1